**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KATHLEEN BERBERICH,** | : | **Case No. 1:22-cv-00301** |
| **Plaintiff,** | : | **JUDGE: MATHEW M. McFARLAND** |
| v. | : | |
| **CITY OF CINCINNATI, et al.,** | : | **AFFIDAVIT OF CHRISTOPHER RUEHMER** |
| **Defendants.** | : | |

I, Christopher Ruehmer, being first duly cautioned and sworn, state and depose as follows:

1. I am over 18 years of age, am not under any restraint or disability, am competent to testify to the matters stated herein, and make this Affidavit upon my own knowledge.

2. I have reviewed the Complaint associated with this matter. I am not named as a party to the Complaint, but I am familiar with some of the events it describes.

3. On May 30, 2020, I was a Lieutenant with the Cincinnati Police Department. I retired from the Cincinnati Police Department as a Lieutenant on January 6, 2024 and I am not longer employed by the City of Cincinnati.

4. I was present for the events that led up to the arrest of Ms. Kathleen Berberich.

5. On the evening of May 30, 2020, I and other officers were located on Central Parkway. We were tasked with protecting the rear flanks of the Cincinnati Police Department's Civil Disturbance Response Team ("CDRT") and to keep Central Parkway clear for emergency vehicles.

6. My recollection is that CDRT was responding to a group of individuals who had engaged in violent behaviors.

7. While protecting CDRT's rear flank, Ms. Berberich and another individual approached us on Central Parkway and began walking in the middle of the roadway.

1

8.  Ms. Berberich and the other individual were warned that they would be arrested if they stayed in the roadway.

9.  Ms. Berberich and the other individual moved to the median that separates north- and south-bound traffic on Central Parkway.

10. I informed Ms. Berberich that she was welcome to protest on the sidewalk, but could not remain where she was standing.

11. While the other individual left, Ms. Berberich continued to remain in the median.

12. Ms. Berberich was again ordered to return to the sidewalk by myself and other officers.

13. I observed Lieutenant Timothy Brown, now deceased, warn Ms. Berberich that if she did not return to the sidewalk, she would be arrested. Ms. Berberich remained in the median and I heard Ms. Berberich respond to Lt. Brown by saying "arrest me."

14. Lt. Brown then placed Ms. Berberich under arrest.

15. While tear gas and pepper spray had been deployed in other areas of downtown Cincinnati, none was deployed in the area during the time of Ms. Berberich's interactions with me and other officers.

16. Ms. Berberich made no complaints to me or any other officer in my presence related to tear gas, pepper spray, or any other irritant getting into her eyes, mouth, or anywhere else.

17. Ms. Berberich did, however, complain of anxiety and having trouble breathing.

18. In response to Ms. Berberich's complaints, the Cincinnati Fire Department was summoned to perform a medical evaluation.

19. Prior to and at the time of Ms. Berberich's complaints, she had been standing. Because of Ms. Berberich's complaints, she sat down on the curb while waiting for the Fire Department to respond.

20. After the Fire Department determined that Ms. Berberich was not in medical distress, she stood back up and was transported to the Hamilton County Justice Center by other officers.

2

Further Affiant sayeth naught.

_____
Christopher Ruehmer

STATE OF WEST VIRGINIA   )
                         )    ss:
COUNTY OF Monongalia    )

Sworn to and subscribed in my presence this 27th day of February 2024.

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Angela J Bell
Morgantown Police Department
300 Spruce Street, Morgantown, WV 26505
My Commission Expires September 28, 2027

_____
Notary Public

3