UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **KATHLEEN BERBERICH** | : | Case No: 1:22-cv-00301 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| -vs- | : | |
| | : | **DEFENDANTS' MOTION FOR** |
| **CITY OF CINCINNATI, et al.,** | : | **SUMMARY JUDGMENT AND** |
| | : | **MEMORANDUM IN SUPPORT** |
| Defendants. | : | |

Now come Defendants City of Cincinnati (the "City") and P.O. J. O'Brien ("Officer O'Brien") and Lt. Hennie ("Lt. Hennie") (collectively "Individually Named Defendants") pursuant to Rule 56 of the Federal Rules of Civil Procedure, and respectfully request the Court grant summary judgment on the grounds that there are no genuine issues of material fact and the City and Individually Named Defendants are entitled to judgment as a matter of law. A memorandum in support is attached.

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

| | |
|---|---|
| */s/ Katheirne C. Baron* | */s/ Kimberly A. Rutowski* |
| Scott M. Heenan (0075734) | Kimberly A. Rutowski (0076653) |
| Katherine C. Baron (0092447) | Lazarus & Lawson, LLC |
| Assistant City Solicitors | 525 Vine St, Suite 2210 |
| City Hall | Cincinnati, Ohio 45202 |
| 801 Plum Street, Room 214 | Phone: (513) 721-7300 |
| Cincinnati, Ohio 45202 | Fax: (513) 721-7008 |
| Phone: (513) 352-4705 | krutowski@hllmlaw.com |
| Fax: (513) 352-1515 | *Attorney for P.O. J. O'Brien* |
| Scott.heenan@cincinnati-oh.gov | *and Lt. Hennie in their* |

{00398129-1}    1

Katherine.baron@cincinnati-oh.gov        *individual capacity*
Shannon.price@cincinnati-oh.gov
*Trial Counsel for the City Defendants*

# MEMORANDUM IN SUPPORT

## I. Introduction

This case involves the actions of the City and Individually Named Defendants during the protests that occurred in the wake of George Floyd's murder and more specifically, Kathleen Berberich's ("Berberich") claims that her constitutional rights were violated when she was arrested after disregarding repeated orders to stay out of the roadway. However, upon closer inspection, Berberich does not seriously pursue any of her claims as she failed to engage in any discovery and merely relies on the unsupported and conclusory statements made in her Complaint.

Berberich's sole reliance on her Complaint inarguably prevents her from meeting her burden on any of her claims. As such, there are no genuine issues of material fact and the City and the Individually Named Defendants move this Court to grant summary judgment in their favor.

## II. Statement of Facts

### a. Facts

The undisputed facts are as follows. On May 30, 2020, widespread demonstrations were being held throughout the City including outside Cincinnati Police Department District 1 Headquarters. (Compl., Doc. 1, ¶ 20). That evening, officers were located on Central Parkway and were tasked with protecting the rear flanks of the Cincinnati Police Department's Civil Disturbance Response Team ("CDRT") and to keep Central Parkway clear for emergency vehicles. (Ruehmer Aff.,

Doc. 18-2, ¶5.). While officers were protecting CDRT's rear flanks, Berberich and another individual approached officers and began walking in the middle of the roadway. (Compl., Doc. 1, ¶22; Ruehmer Aff., Doc. 18-2, ¶7; CPD200530009996-24407-Edwards-2020-05-30_2159 (hereinafter "Edwards BWC") at 37:45; 38:10; CPD200530009996-32278-Bower-2020-05-30_2113 (hereinafter "Bower BWC") at 37:45; 38:00). Officers repeatedly told Berberich and the other individual that they would be arrested if they remained in the roadway, however, Officer Ruehmer recalls telling Berberich and the other individual they were welcome to protest on the sidewalk. (Compl., Doc. 1, ¶22; Ruehmer Aff., Doc. 18-2, ¶¶8-13; Edwards BWC at 38:20; Bower BWC 38:00)[1]. While Berberich moved to the median separating the north-and south-bound traffic on Central Parkway, she refused to return to the sidewalk and ultimately responded to officers' repeated warnings with "arrest me." (Ruehmer Aff., Doc. 18-2, ¶¶9,13). At that point Berberich was placed under arrest and charged with Failure to Disburse (sic). (Compl., Doc. 1, ¶¶24,37; Ruehmer Aff., Doc.18-2, ¶14; Edwards BWC at 40:30-42:00; Bower BWC 40:30).

While no pepper spray or tear gas had been deployed around Central Avenue, pepper spray and tear gas had been deployed in other areas of the City and was at least in the air around Central Avenue. (Ruehmer Aff., Doc.18-2, ¶15). After her arrest, Berberich alleges she inadvertently touched her face after being exposed to pepper dust which resulted in her eyes and mouth becoming severely irritated. (Compl., Doc. 1, ¶¶ 28, 29). Berberich made no complaints to officers about being

---

[1] Officer Ruehmer's statement that Berberich and the other individual could protest on the sidewalk was not captured on Body Worn Camera.

exposed to tear gas, pepper spray, or any other irritant but did complain of anxiety and that she was having trouble breathing. (Ruehmer Aff., Doc.18-2, ¶¶ 16-17; Edwards BWC at 47:00). As such, officers sat Berberich down on the curb, offered her a drink of her Gatorade, and contacted the Cincinnati Fire Department to perform a medical evaluation. (Ruehmer Aff., Doc. 18-2, ¶¶18-19; Edwards BWC at 48:30). After the Cincinnati Fire Department determined Berberich was not in medical distress, she was transported to the Hamilton County Justice Center ("Justice Center"). (Ruehmer Aff., Doc. 18-2, ¶20; Edwards BWC 55:50-1:05:00).

Once at the Justice Center, Berberich was processed by Individually Named Defendant P.O. J. O'Brien ("Officer O'Brien"). (Compl., Doc. 1, ¶ 35; O'Brien Aff., Doc. 18-3, ¶ 4). As the processing officer, Officer O'Brien assisted in completing criminal complaints related to the arrested individuals who were brought to the Justice Center. (O'Brien Aff., Doc.18-3, ¶5). Officer O'Brien completed Berberich's complaint based on the information that was presented to her by the unknown transport officer. (O'Brien Aff., Doc.18-3, ¶7). On June 4, 2021, Berberich's criminal charges were dismissed. (Compl., Doc. 1, ¶43).

b. **Procedural History**

On May 27, 2022, Berberich filed her claims alleging that the City and the Individually Named Defendants violated her constitutional rights when she was arrested on May 30, 2020. (Compl., Doc. 1). On October 24, 2022, the City and the Individually Named Defendants filed their answer. (Answer, Doc. 8). On April 20, 2023 pursuant to Fed.R.Civ..P. 33 and Fed.R.Civ.P. 34 the City and the Individually

{00398129-1}  4

Named Defendants tendered interrogatories, requests for production of documents, and a medical authorization release to counsel for Berberich. (Attached as Exhibit 1). The deadline for the parties to engage in discovery was January 31, 2024. (Order, Doc. 10). However, to date, Berberich has failed to respond to discovery.

### III. Standard of Review

Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct.2548, 91 L.Ed.2d 265 (1986). After the moving party has met its burden, the burden shifts to the nonmoving party, who must present some "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 2482 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When considering a motion for summary judgment the district court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, a district court need not view the facts in the light most favorable to the nonmoving party if that party's version of events is "blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). Further, if the evidence is merely colorable, *Dombrowski v. Eastland*, 387 U.S. 82, 84, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967), or is not significantly probative, *Cities Serv.*,

{00398129-1} 5

391 U.S. 253, 290, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968), judgment may be granted. *Anderson*, 477 U.S. at 249.

## IV. Argument

Berberich's claims are severely deficient as she relies solely on the unsupported and often times contradicted statements in her Complaint. Instead, the evidence shows that Lt. Hennie was not even present during Berberich's arrest and Officer O'Brien reasonably relied on information from another officer that there was probable cause to arrest Berberich. As such, the Individual Defendants did not violate Berberich's constitutional rights and are entitled to qualified immunity. Further, the claims against the City must also be dismissed as Berberich has failed to point to any policy or custom that was the driving force behind any alleged constitutional violations. As such, summary judgment is appropriate.

### A. Facts show Lt. Hennie was not involved in Berberich's arrest.

The claims against Lt. Hennie must be dismissed as Berberich cannot even demonstrate the most basic element of these claims–that Lt. Hennie was involved in her arrest.

Berberich brings several claims against Lt. Hennie including claims of (1) excessive force, (2) unreasonable seizure, (3) wrongful arrest and (4) retaliation for exercise of First Amendment rights. In order to prevail on her § 1983 claims, Berberich must establish Lt. Hennie, while acting under color of state law, deprived her of a right secured by the United States Constitution. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (citing *Cabaniss v. City of Riverside*,

497 F.Supp.2d 862, 895 (S.D. Ohio 2006). The plaintiff must provide some factual support for her claims of constitutional violations to avoid dismissal. *Mackey v. Cleveland State University*, 837 F.Supp. 1396, 1402 (N.D. Ohio 1993) (quoting *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). A complaint that contains mere conclusory allegations of unconstitutional conduct is insufficient. *Id.*

Here, Berberich merely relies on the conclusory and unsupported allegations in her Complaint to allege that Lt. Hennie (1) subjected her to physical contact with pepper dust, (2) unreasonably seized her, (3) arrested her, and (4) retaliated against her for exercising her First Amendment rights. (Compl., Doc. 1, ¶¶46, 51, 66, 84). However, in all actuality, there is absolutely no evidence to even support that he was involved in her arrest. Instead, this assertion is contradicted by the clear statement that Lt. Hennie was in fact not present when Berberich was arrested. (Hennie Aff., Doc. 18-1, ¶7). The fact that Lt. Hennie was not involved in Berberich's arrest is even further supported by the body-worn camera videos that Lt. Hennie reviewed and affirmed he was not present in. (Hennie Aff., Doc. 18-1, ¶6; Exhibit A-Manually Filed; Doc. 18-4; PageID # 100).[2]

As Lt. Hennie's statement and the indisputable body-worn camera evidence contradict Berberich's Complaint, she is unable to establish that Lt. Hennie was acting under color of state law or deprived her of her constitutional rights and he is therefore, entitled to summary judgment.

---

[2] If there is a factual dispute between the parties, the court should rely on the videos over the complaint to the degree the videos are clear and "blatantly contradict" or "utterly discredit" the plaintiff's version of events. *Bell v. City of S.field*, 37 F.4th 362, 364 (6th Cir. 2022) (citing *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007)).

### B. Officer O'Brien is entitled to qualified immunity as there was no constitutional violation in filing out Berberich's criminal complaint.

Additionally, Officer O'Brien is entitled to qualified immunity as she reasonably relied on information from the transporting officer to determine there was probable cause to arrest Berberich.

The doctrine of qualified immunity provides that, in civil suits for monetary damages, government officials acting in their official capacity and performing discretionary functions are generally shielded from liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *McLaurin v. Morton*, 48 F.3d 944, 947 (6th Cir. 1995) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982)). To overcome immunity, claimants must show (1) that officers violated their constitutional rights and (2) that the constitutional right at issue is "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Flaskamp v. Dearborn Pub. Schs.*, 385 F.3d 935, 940-41 (6th Cir. 2004) (citing *Saucier v. Katz*, 533 U.S. 194, 202, 121 S. Ct. 2151, 150 L.Ed. 2d 272 (2001)).

In this case, Officer O'Brien explained that on the evening of May 30, 2020, she was a processing officer at the Justice Center. (O'Brien Aff., Doc. 18-3, ¶4). As the processing officer, she was responsible for completing criminal complaints and that evening she reviewed and completed the complaint against Berberich. (O'Brien Aff., Doc. 18-3, ¶¶5-6). Officer O'Brien was able to complete the complaint based on information that was presented to her by the officer who transported Berberich to the

Justice Center and Officer O'Brien believed, based on the relayed information, there was probable cause to arrest Berberich for Failure to Disperse. (O'Brien Aff., Doc.18-3, ¶8).

As officers may be entitled to qualified immunity in situations where a "reasonable officer could conclude that they had probable cause to arrest based on 'plausible instructions' from a supervisor when 'viewed objectively' in light of their own knowledge of the surrounding facts and circumstances. *Gray v. Shelby Cty.*, 6th Cir. No. 22-5542/22-5543/22-5544, 2023 U.S. App. LEXIS 21581, at *18 (Aug. 15, 2023) (internal citation omitted) (quoting *Anthony v. City of New York*, 339 F.3d 129, 138 (2d Cir. 2003)). Officer O'Brien reasonably concluded that she could rely on information from the transport officer that there was probable cause to arrest. Further, the indisputable body worn camera footage shows that the officers had probable cause to arrest Berberich. (Edwards BWC 37:45-1:05:00; Bower BWC 37:45-40:30; FINALCPD200530009996-13075-Laney-2020-05-30_2130 (hereinafter "Laney BWC") at 20:45-23:30). As R.C. 2917.04(A) states:

> "Where five or more persons are participating in a course of disorderly conduct in violation of section 2917.11 of the Revised Code, and there are other persons in the vicinity whose presence creates the likelihood of physical harm to persons or property or of serious public inconvenience, annoyance, or alarm, a law enforcement officer or other public official may order the participants and such other persons to disperse. No person shall knowingly fail to obey such order."

In the body worn camera footage Berberich is warned several times that she needs to move to the sidewalk so that the roadway could remain clear for emergency vehicles. She fails to obey that order. (Edwards BWC at 38:20; Bower BWC 38:00)

Further, Berberich even points out that on that date, more than 1,000 people protesting downtown and a large group had gathered around District 1. (Compl., Doc. 1, ¶¶19,21). As such, there was probable cause to arrest for failure to disperse and Officer O'Brien in no way violated Berberich's constitutional rights when she filled out the complaint. Therefore, Officer O'Brien is entitled to qualified immunity.

### C. The City must also be dismissed as Berberich fails to point to a policy or custom that was the moving force behind any constitutional violations.

#### a. Section §1983 claims

To succeed on a claim for relief under section 1983 against a municipality, a plaintiff must prove that his "constitutional rights were violated and that a policy or custom of the municipality was the moving force behind the deprivation of the plaintiff's right." *Thompson v. City of Cincinnati*, S.D. Ohio No. 1:10-cv-708, 2012 U.S. Dist. LEXIS 60549, at *6-7 (May 1, 2012) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 254-55 (6th Cir. 2010)). As a threshold matter, a municipality cannot be held liable in Section 1983 actions on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). As such, the City is entitled to summary judgment on Counts I, II, IV, and V of Berberich's Complaint.

#### b. Failure to train claim

Moving to Count III of Berberich's Complaint, she lumps claims of failure to train, supervise, monitor, and/or discipline into one count. (Compl., Doc. 1, ¶¶55-63).

Focusing first on her claim of failure to train, Berberich summarily alleges that the City's failure to train officers is "widespread, longstanding, and well-settled, such

that it constitutes a custom and usage with the effective force of law." (Compl., Doc. 1, ¶ 60). The systematic failure to train or supervise officers adequately can amount to a custom or policy justifying city liability when the failure amounts to deliberate indifference on behalf of the city toward its inhabitants. *Thompson v. City of Cincinnati*, S.D. Ohio No. 1:10-cv-708, 2012 U.S. Dist. LEXIS 60549, at *7-8 (May 1, 2012) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 752-53 (6th Cir. 2006). To establish deliberate indifference, a plaintiff must demonstrate that a municipality or local government (1) failed to provide adequate training in light of foreseeable consequences that could result of the lack of instruction or (2) failed to act in response to repeated complaints of constitutional violations by its officers. *Id.* (citing *Rodriquez v. City of Cleveland*, 619 F.Supp. 2d 461, 482 (N.D. Ohio 2009)).

Here, Berberich's claim is lacking as she has failed to (1) demonstrate how the City's training was inadequate, (2) state what consequences were foreseeable, or (3) identify any other complaints of constitutional violations besides her own. As such, Berberich's failure to train claim against the City has no factual support and summary judgment is appropriate.

### c. Failure to supervise, monitor, and/or discipline claim.

Similarly, the City is entitled to summary judgment on Berberich's claim that the City failed to supervise, monitor, and discipline the Individually Named Defendants. The Sixth Circuit has held that failure to investigate complaints or discipline officers can give rise to Section 1983 liability. *Id.* (citing *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1247 (6th Cir. 1989)). The theory underlying these cases

is that the municipality's failure to investigate or discipline amounts to "ratification" of the officer's conduct. *Id.* (citing *Dyer v. Casey*, No. 94-5780, 1995 U.S. App. LEXIS 37042, at *2 (6th Cir. Dec. 4, 1995)). However, as explained *supra*, Berberich has failed to allege any misconduct on the part of the Individually Named Defendants, meaning there was no reason to discipline officers and she has certainly neglected to point to any evidence that the City has "ratified" officer's conduct. Therefore, like the other claims, the Court should grant summary judgment in the City's favor.

### D. Berberich's *Monell* claim must be dismissed as there is no evidence that the City has a policy or custom of violating rights.

Finally, Berberich brings a *Monell* claim. For municipal liability under *Monell*, Berberich must establish that the City has a "policy or custom" that caused the violation of her rights. *Colemon v. City of Cincinnati*, 6th Cir. No. 21-5958, 2023 U.S. App. LEXIS 20967, at *9 (Aug.9, 2023) (internal citation omitted) (citing *Monell v. Dep't of Soc. Servs. Of New York*, 436 U.S. 694, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978)). A plaintiff may demonstrate that a city had such a policy or custom in four ways: "the plaintiff may prove '(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations. *Id.*

From her Complaint, it appears Berberich is attempting to proceed under all four prongs of the analysis. (Compl., Doc. 1, ¶¶86-94). A failure-to-train claim requires a showing of "prior instances of unconstitutional conduct demonstrating that the municipality had ignored a history of abuse and was clearly on notice that the

training in this particular area was deficient and likely to cause injury." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (internal citation omitted) (quoting *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005)). Similarly, a custom-of-tolerance claim requires a showing that there was a pattern of inadequately investigating similar claims. *Id*. However, here, the record is completely devoid of any evidence to demonstrate any such pattern. Specifically, Berberich has failed to identify what policy or custom she believes is illegal; she has failed to set forth any facts to demonstrate misconduct during her arrest; and even assuming *arguendo* there was misconduct during her arrest, the record is devoid of any prior instances of similar misconduct to show the City was on notice that its training and supervision was deficient. As such, summary judgment should be granted in the City's favor on Berberich's *Monell* claim.

## V. Conclusion

For the foregoing reasons, the City and the Individually Named Defendants respectfully request that the Court find judgment in their favor. There are no genuine issues of material fact, and Berberich has provided no evidence to support the claims made in her Complaint.

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

| | |
|---|---|
| */s/ Katherine C. Baron* | */s/ Kimberly A. Rutowski* |
| Katherine C. Baron (0092447) | Kimberly A. Rutowski (0076653) |
| Scott M. Heenan (0075734) | Lazarus & Lawson, LLC |
| Assistant City Solicitors | 525 Vine Street, Suite 2210 |
| City Hall | Cincinnati, Ohio 45202 |

{00398129-1} 13

| | |
|---|---|
| 801 Plum Street, Room 214 | Phone: (513) 721-7300 |
| Cincinnati, Ohio 45202 | Fax: (513) 721-7008 |
| Phone: (513) 352-4705 | krutowski@hllmlaw.com |
| Fax: (513) 352-1515 | *Attorney for P.O. J. O'Brien* |
| Scott.heenan@cincinnati-oh.gov | *and Lt. Hennie in their* |
| Katherine.baron@cincinnati-oh.gov | *individual capacity* |

## CERTIFICATE OF SERVICE

I certify that on March 8, 2024, a true and accurate copy of the foregoing Motion for Summary Judgment was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Katherine C. Baron*
Katherine C. Baron (0092447)