**Pennington, Kim**

| | |
|---|---|
| **From:** | Baron, Katherine |
| **Sent:** | Thursday, April 20, 2023 1:54 PM |
| **To:** | Linneman, J. Robert |
| **Cc:** | Heenan, Scott; Price, Shannon; Kim Rutowski |
| **Subject:** | Berberich v. City of Cincinnati, et al., 1:22-cv-00301 |
| **Attachments:** | Interrogatories and RFPD (00382334xC2130).PDF; Interrogatories and RFPD (00377500xC2130).DOCX; Medical Authorization Berberich.pdf |

Good afternoon-

Attached please find a copy of the City's First Set of Interrogatories and Request for Production of Documents Directed to Plaintiff.  Thanks!

Best wishes,
Katey



**Katherine Baron**
Assistant City Solicitor
Law Department – Civil LItigation
513/352-4705 (o) | 513/352-5217 (fax)
Katherine.Baron@Cincinnati-oh.gov

NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling the City of Cincinnati Law Department at (513) 352-3334, so that our address record can be corrected.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **KATHLEEN BERBERICH,** | : | Case No. 1:22-cv-00301 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| -vs- | : | THE CITY'S FIRST SET OF |
| | : | INTERROGATORIES AND |
| **CITY OF CINCINNATI, et al.,** | : | REQUEST FOR PRODUCTION |
| | : | OF DOCUMENTS DIRECTED TO |
| Defendants. | : | PLAINTIFF |

Defendants City of Cincinnati, P.O. J 'O'Brien, and Lt. Hennie (hereinafter collectively the "City") submit the following Interrogatories and Requests for Production of Documents to be answered by Plaintiff Kathleen Berberich (hereinafter "Plaintiff") pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure. Said Interrogatories are to be answered under oath and the responses to Interrogatories and Requests for Production of Documents are to be produced at the City Solicitor's Office, 801 Plum Street, Room 214, Cincinnati, Ohio 45202 within thirty days. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this document request shall be deemed continuing so as to require supplemental production if additional information and documents become known or are obtained between the time the documents are produced and the time of the trial of this matter.

These Interrogatories are directed to facts and information within the possession, custody, control, and/or knowledge of the Plaintiff and the Plaintiff's attorney. The City also hereby includes a Request for Production of Documents and requests that the Plaintiff produce for inspection and copying all documents in the

{00377500-1} 1

possession, custody, or control of Plaintiff or Plaintiff's attorney, or otherwise available to the Plaintiff or the Plaintiff's attorney, which are responsive to the requests contained herein.

## INSTRUCTIONS FOR ANSWERING

1. You are instructed to respond to the enclosed Interrogatories and Request for Production of Documents (collectively "Discovery Requests") in accordance with the Federal Rules of Civil Procedure. If a Discovery Request cannot be answered in full, answer to the extent possible and state the reason that you cannot answer in full.

2. You are under a continuing duty to supplement your responses as requested between the time of service of these Discovery Requests and the time set for trial. If you know or later learn that your response to a particular Discovery Request is incorrect, you are under a duty seasonably to correct the response. You are also under a duty seasonably to supplement your response with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial and the subject matter on which that person is expected to testify.

3. You must answer each Interrogatory separately and fully in writing under oath. Where an Interrogatory calls for an answer in more than one part, the parts should be separated in the answer so that they are clearly understandable.

4. Should you object to any Discovery request in lieu of answering or producing the requested documents, you must state the reason or reasons for your objection.

5. If you withhold information subject to these Discovery Requests on the basis of a claim of privilege or other claim of protection, you must make such a claim expressly and support the claim with a description of the nature of the documents, communications, or things not produced.

6. Should you withhold any document or part of a document on the basis of any claim of privilege or other claims of protection, you must identify the nature of the claim of privilege or other protection being asserted, and also identify the type, subject matter, date, author, addressee(s), recipient(s), and present location of the document, as well as the relationships between the author and the addressee(s) or recipient(s) if those relationships are not otherwise apparent.

7. In the event that you state that a document responsive to a Discovery Request is no longer in your possession, custody, or control, you must identify the type of document, the subject matter and contents of the document, the date, author, address(s) and recipient(s) of the document, the date of destruction or loss of the document, the reason for destruction or loss of the document, and the identity of all persons believed to have a copy of the document or the original document.

## DEFINITIONS

1. **The words "you," "your," or "Plaintiff"** as used herein refer to Plaintiff, her agents, and representatives, and any and all persons acting or purporting to act

on Plaintiff's behalf for any purpose whatsoever, including its employees, agents, accountants, attorneys, contractors, or other representatives.

2. **The words "person" or "persons"** means all natural persons, proprietorships, corporations, limited liability companies, partnerships, trusts, joint ventures, groups, associations, organizations, companies, estates, trusts, public agencies, departments, bureaus, boards, or other business entities or enterprises of any kind or nature, including predecessors and successors. The use of the singular shall be deemed to include the plural and the use of one gender shall include all others, as appropriate in the context of the Interrogatories or Request for Production.

3. **"City"** means and includes the City of Cincinnati, and its employees, elected officials, agents, and representatives.

4. **"Defendant" or "Defendants"** refers to the City of Cincinnati, P.O. J. O'Brien, and Lt. Hennie, their agents, representatives, and any and all persons acting or purporting to act on their behalf for any purpose whatsoever, including its employees, agents, accountants, attorneys, contractors, or other representatives.

5. The term **"document"** is used in the broadest possible sense and means, without limitation, any written, printed, typed, photostatic, recorded, electronic, computer generated or otherwise reproduced communication or representation, whether comprised of letters, works, numbers, pictures, sounds, or symbols, or any combination thereof. This definition includes copies of duplicates or documents contemporaneously or subsequently created which have any non-conforming notes or other markings. Without limiting the generality of the foregoing "document"

includes but is not limited to, all correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical reports, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or other communications of any kind, including inter and intra office communications whether by electronic means or computer generated questionnaires, and surveys, charts, graphs, photographs, phonographs, recordings, films, tapes, discs, data cells, drums, printouts, all other date compilations from which information can be obtained (translated if necessary by the Defendant through detection devised into usable form), any preliminary versions, drafts of revisions or any of the foregoing and other writings or documents of whatever description or kind, whether produced or authored by the City or anyone else including non-identical copies of the foregoing.

6. The words **"identify" and "identity"** when used with respect to an individual means to state the full name, present and last known address of each such person, present and last known telephone number of each such person, present and last known email address of each such person, the present and last known position and business affiliation of each such person, each such person's present position

and/or business affiliation. When used with respect to a corporation, limited liability company, partnership, or other recognized legal entity, the words "identify" and "identity" mean to state the legal entity, the words "identify" and "identity" mean to state the legal entity's full name, date, and state of incorporation, formation, or organization, and the address of its principal place of business. When used with respect to a person other than an individual or legal entity, the words "identify" or "identity" mean to state the official name or designation and address of each such person.

7. When used with respect to a document, the words **"identity" and "identify"** mean to state the date of the document, the type of document (e.g., letter, memorandum, telegram, chart, photograph, plat, deed, sound reproduction, etc.), the author and address, the present location of the document, the custodian of the document and a description of the contents of the document.

8. The terms **"relate to" and "relating to"** request everything which in any way explicitly or implicitly refers to, or could reasonably be construed to refer to, the subject matter of the Interrogatory or request for Production of Documents.

## INTERROGATORIES

1. Identify who is responding and provide his or her date of birth and social security number.

**ANSWER:**

2. State whether you have ever been a plaintiff, defendant, or witness in a civil or criminal case, including the case name, case number, jurisdiction/location of the case, nature of the litigation, and outcome of the case (judgment, settlement, dismissal, etc.).

**ANSWER:**


3. Identify all witnesses you may call to testify at trial and state the subject matter of his or her testimony.

**ANSWER:**


4. Identify all exhibits you may introduce at trial.

**ANSWER:**


5. Identify all persons who have knowledge that is adverse or unfavorable to your claim for liability or damages in any way.

**ANSWER:**


6. Identify all documents or evidence that is adverse or unfavorable to your claim for liability or damages in any way.

**ANSWER:**

7. Identify all persons who you have communicated with about any of the allegations in the Complaint with.

   **ANSWER:**

8. Identify all expert witnesses you may call to testify at trial.

   **ANSWER:**

9. Identify all expert witnesses you have had contact with but do not expect to testify at trial.

   **ANSWER:**

10. Identify all witnesses to the May 30, 2020, use of force alleged in the Complaint between Plaintiff and the City regardless of whether you intend to call him or her to testify.

    **ANSWER:**

11. Describe your interactions with the police officers that you approached on the grassy median of Central Parkway including, but not limited to, what you and the officers said before, during, and after you were placed under arrest.

    **ANSWER:**

12. Identify all documents or evidence that supports your claim that the City unreasonably seized Plaintiff and lacked probable cause to arrest Plaintiff.

**ANSWER:**

13. Identify all persons with knowledge of or documents related to your allegation that "Defendant City has a history of failing to adequately train, supervise, monitor, and discipline officers," which resulted in an alleged violation of Plaintiff's Constitutional Rights.

**ANSWER:**

14. Identify all policies, practices, and customs of the City that you allege were the "moving force" behind Plaintiff's alleged wrongful arrest and any other violation of Plaintiff's rights.

**ANSWER:**

15. Identify all person with knowledge of or documents that support your allegation that "[i]n drafting, enactment, execution and enforcement of an unlawful curfew, the Defendants acted with a retaliatory motive against Berberich on account of Berberich's act of protesting against and petitioning the government for change."

**ANSWER:**

16. Identify that staff at the Hamilton County Justice Center that (1) you informed you had been exposed to pepper dust and were experiencing distress, (2) refused to allow you access to wash out your eyes and mouth, and (3) did not permit you to see a nurse. Given that the Justice Center is owned and operated by Hamilton County, please specify which of these individuals in anyway was employed by, acted on behalf of, or otherwise represented the City of Cincinnati.

**ANSWER:**

17. State the injuries and damages you sustained as a result of the incident alleged in the Complaint, including the amount of damages and whether damages are economic or non-economic.

**ANSWER:**

18. Identify all healthcare professionals (e.g., hospitals, clinics, physicians, chiropractors, mental health professionals, etc.) that provided you with treatment or consultation for any physical or psychological condition or complaint at any point during the last the last ten years. Include the dates of treatment or consultation in your response.

**ANSWER:**

19. If you are making a claim for medical expenses in this action, then state the dollar amounts corresponding to each entity that provided the services, separately identifying any out-of-pocket expenses paid by you or on your behalf (e.g., any deductible or co-payment).

    **ANSWER:**

20. If any of the payment of your medical expenses has been made by a third-party including Medicare or Medicaid, identify the third party and the dollar amounts paid, and state whether the third party has a right of subrogation or whether there is otherwise any obligation on your part to repay the amount to the third party.

    **ANSWER:**

21. Regardless of whether you filed any claim following the incident, identify each insurance policy that entitled you to receive benefits for injuries or loss, state the limits of each policy, and state who paid the premiums. Use the date of the incident as the date of coverage or potential coverage.

    **ANSWER:**

22. Regarding your personal injuries, identify and state the dates of service that each healthcare professional or entity provided you with any service. This includes each attending physician and/or consulting physician who provided you with an evaluation, treatment, or consultation; each clinic or laboratory that performed

any X-rays, MRIs, or other tests; and each hospital and/or other facility that provided you with either inpatient or outpatient treatment.

**ANSWER:**

23. If you sustained any other injury or illness since the incident, then state the injury or illness, the date you were injured or become ill, identify each healthcare professional that provided services (e.g., hospitals, clinics, laboratories, physicians, chiropractors, mental health professionals, etc.…) and the dates of service.

**ANSWER:**

24. If you are still treating with any healthcare provider as a result of the incident, then identify the provider and state the treatment and frequency.

**ANSWER:**

25. List all prescription medications you were prescribed in the last ten years and the prescribed dosage for each, even if you are no longer taking the medication.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce all documents you relied on, reviewed, or considered in responding to the above Interrogatories.

**RESPONSE:**

2. Produce all exhibits or documents you may utilize at trial.

**RESPONSE:**

3. Produce all documents identified in the above Interrogatories that have not been otherwise produced.

**RESPONSE:**

4. Produce all documents identified in your initial disclosures that have not been otherwise produced.

**RESPONSE:**

5. Produce all photographs, videotapes, electronic recordings of any kind, reports, expenses, receipts, and any other documentation relating to the claims by Plaintiff as a result of the incident described in the Complaint that have not been otherwise produced, including but not limited to any third-party recordings that are in your possession.

**RESPONSE:**

6. Produce all documents of medical records and reports including but not limited to any physician reports.

**RESPONSE:**

7. Produce a copy of any and all reports or records of any and all expert witnesses you have contacted.

**RESPONSE:**

8. Produce a copy of all healthcare provider bills or insurance statements of any kind documenting any and all expenses that are alleged to be the result of this incident.

**RESPONSE:**

9. Please complete and sign a separate Authorization to Disclose Health Information form for each and every healthcare provider referenced in Plaintiff's response to the accompanying Interrogatories. (Please make additional copies of the accompanying form as necessary).

**RESPONSE:**

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**City Solicitor**

*/s/ Katherine C. Baron*  */s/ Kimberly A. Rutowski*
Katherine C. Baron (0092447)  Kimberly A. Rutowski (0076653)
Scott M. Heenan (0075734)  Lazarus & Lawson, LLC
Shannon D. Price (0100744)  30 Garfield Place, Suite 915
Assistant City Solicitor  Cincinnati, Ohio 45202
801 Plum Street, Room 214  Phone: (513) 721-7300
Cincinnati, Ohio 45202  Fax: (513) 721-7008
Phone: (513) 352-4705  krutowski@hllmlaw.com
Fax: (513) 352-1515  *Attorney for P.O. J. O'Brien*
Katherine.baron@cincinnati-oh.gov  *and Lt. Hennie in their*
Scott.heenan@cincinnati-oh.gov  *individual capacity*

Shannon.price@cincinnati-oh.gov
*Trial Counsel for the City*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via email on this 20th day of April 2023.

J. Robert Linneman
H. Louis Sirkin
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
(513) 721-4450
jrl@santenhughes.com
*Trial Counsel for Plaintiff*

                                                ***/s/ Katherine C. Baron***
                                                Katherine C. Baron

**AUTHORIZATION TO DISCLOSE HEALTH INFORMATION**

The following individual or organization is authorized to make the disclosure: <u>Kathleen Berberich</u>
I hereby authorize the above-stated organization or individual to release to Katherine Baron**,** and any employee of City of Cincinnati Solicitor's Office, **copies of all information comprising the entire record** for the individual named above, including, but not limited to:

| | | |
|---|---|---|
| Final Diagnoses | Operative Reports | Emergency Room Treatments |
| Discharge Summaries | Pathology Reports | Therapy Notes |
| Histories | Progress Notes | Clinical Notes |
| Physical Examinations | Physician's Orders | Medication Records |
| Consultation Reports | Office Notes | Evaluations |
| Diagnostic Test Reports | All computer entries/notes/ | HIV/AIDS Results |
| Diagnostic Images |    electronic mail | Correspondence regarding patient |
| Billing/Account Records | Patient forms and | Pathology Specimens |
| Insurance Records |    questionnaires | |

I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immune deficiency syndrome (AIDS), information concerning testing or treatment of AIDS and AIDS-related conditions, drug or alcohol abuse, human immunodeficiency virus (HIV), drug-related conditions, alcoholism and/or psychiatric/psychological conditions, including specifically, but not limited to, those records contemplated by 42 U.S.C. ' 290 dd-2, 42 U.S.C. ' 290 dd-3 and 42 U.S.C. ' 290 ee-3. This information may be disclosed to the above-named individual or organization for the purpose of the processing of a claim for bodily injury, emotional harm, or other claim for damages. Review of the records is also hereby authorized.

To assist in the identification and location of these records, I am providing the following information:

| Name: | Kathleen Berberich | Records from 5/1/2018 |
|---|---|---|
| Social Security Number: | | To _____PRESENT_____ |
| Date of Birth | 11/16/2000 | Present (to be filled in by Solicitor's Office) |

I hereby authorize the use of a photocopy of this release as an original.

I understand I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand that revocation will not apply to information that has already been released in response to this authorization. I understand that revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire on **June 1, 2022** the following date, event or condition: the conclusion of the claim. If I fail to specify an expiration date, event or condition, this authorization will expire in six (6) months.

I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I understand that the organization or individual identified above cannot condition treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization. I understand I may inspect or copy the information to be used or disclosed, as provided in C.F.R. 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure, and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the Privacy Officer or other individual at the organization identified above.

_____      _____
Witness       Patient or Patient Representative

      If signed by legal representative, relationship to patient:

      _____

      Date: _____

**\*\*This release is intended to comply with the Health Information Portability and Accountability Act (HIPAA), the individual forms of health care providers or health care institutions, including, but not limited to; TriHealth hospitals/physician practices, Kettering Network hospitals/physician practices, Mercy Health hospitals/physician practices, et al. Acceptance of this form is required to avoid the expense and inconvenience of complying with an institution=s separate form, or <u>requiring you to respond to a subpoena for the information.</u>**